[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are residents of the Town of Watertown who own properties located within a historic district in the town that was established by ordinance in January 1997. After the adoption of the ordinance creating the district, the defendants, the town and various town officials, received a petition seeking the repeal of the historic district ordinance pursuant to Section 309 of the Watertown town charter. The defendants then scheduled a referendum of the voters in the town on repeal of the ordinance CT Page 10017 for March 13, 1997. The plaintiffs thereafter brought this action seeking a declaratory judgment and injunctive relief, contending that Section 309 of the town charter is inapplicable to an ordinance establishing a historic district pursuant to state statute. On March 10, 1997, the court (Kulawiz, J.) entered a temporary injunction restraining the holding of the referendum until a final judgment was entered in this action. The issue before the court is whether the referendum procedure in the Watertown charter applies to an ordinance creating a historic district within the town in accordance with state statutes, General Statutes § 7-147a et seq.
The material facts are not in dispute. In 1996 the Watertown town council appointed a Historic District Study Committee in accordance with General Statutes § 7-147a et seq. The appointment of such a committee is the initial step in the statutory process for establishing a historic district. General Statutes § 7-147b(a). All of the following steps were also taken in accordance with General Statutes § 7-147b. The committee investigated the creation of a historic district and rendered a report. Copies of the report were submitted to the Watertown planning and zoning commission, the Watertown fire district and the Connecticut Historical Commission, all of which approved the creation of a historic district.
After a public hearing was held, the committee submitted its report to the town council and the town clerk. Owners of property within the proposed district then voted on the establishment of the district. 72% of the property owners within the proposed district approved establishment of the district. On January 6, 1997, after the vote of the property owners, the Watertown town council by a 6-3 vote approved the ordinance creating the district and providing for its operation. The petition under Section 309 of the Watertown charter seeking repeal of the ordinance was then filed, which led to the scheduling of the referendum that is now being held in abeyance pending a final judgment in this action. At least some of the proponents of the referendum own property within the historic district and were in the minority of property owners who voted against creation of the district when the property owners voted on the issue.
The adoption of state statutes concerning historic districts dates back to 1961, when the legislature first enacted legislation that permitted a municipality to establish a historic district within its boundaries in order "to promote the CT Page 10018 educational, cultural, economic and general welfare of the public through the preservation and protection of the distinctive characteristics of buildings and places associated with the history of or indicative of a period or style of architecture of the municipality, of the state or of the nation." General Statutes § 7-147a(b). "The statute, consistent with its historic preservation purpose, provides the bases for close control and supervision of the buildings and areas in established historic districts." Gentry v. Norwalk, 196 Conn. 596, 607
(1985). The statute sets forth very detailed procedures that must be followed for the establishment of a historic district. See General Statutes § 7-147b. The establishment of the Watertown historic district was in full compliance with all of the provisions of this statute.
Among the statutory requirements for a historic district is approval by at least two-thirds of all persons owning property within the proposed district. General Statutes § 7-147b(i) After such approval, the legislative body of the municipality is required by majority vote to take one of three actions: (1) to accept the report of the historic district study committee and adopt an ordinance creating the district; (2) to reject the report; or (3) to return the report to the committee for reconsideration. General Statutes § 7-147b(i).
Section 309 of the Watertown charter establishes the right of voters to approve or reject at referendum any ordinance (with certain exceptions) passed by the town council. The process is initiated by a petition from at least 5% of the registered voters in the town. The question of repeal of the ordinance is then decided by the majority of those voting at a town wide referendum at which at least 25% of the registered voters vote. The statutory authorization for such a referendum process is found in General Statutes § 7-157.
Whether a generally applicable referendum provision of a town charter applies to the creation of a special type of district within the town has been previously decided by our Supreme Court. In Walton v. Burdick, 184 Conn. 200 (1981), the Supreme Court upheld the trial court's issuance of an injunction prohibiting a referendum on the creation of a police tax district pursuant to General Statutes § 7-325. The Supreme Court held that the creation of a police tax district should not be subject to a referendum of all the voters in the town. "Section 7-325 details a cogent, comprehensive mechanism that is well tailored to meet CT Page 10019 the needs of local residents attempting to form a body politic. The interjection of referendum procedures into the formation process as suggested by the defendants, finds no support in the statutory scheme." Id., 205.
The reasoning of Walton v. Burdick, when applied to the facts of this case, supports the plaintiffs' contention that the referendum provision of the Watertown charter does not apply to the historic district ordinance. Our state statutes concerning establishment by a town of a historic district are detailed and comprehensive, even more so than the statute concerning establishment of a police tax district in Walton. The Supreme Court has referred to our historic district statutes as both "thoughtful and comprehensive." Gentry v. Norwalk, supra,196 Conn. 608. The text of our historic district statutes does not support the addition of a referendum of all town voters to the already comprehensive process of establishing a historic district. Furthermore, it is highly unlikely that the legislature contemplated that a referendum authorized under General Statutes § 7-157 could become part of the historic district process because such a result would permit disgruntled property owners who unsuccessfully opposed the historic district to attempt to use the referendum process to subvert the will of the majority of property owners within the district as well as the majority of the members of the town council.
Our Supreme Court has construed a town charter referendum provision as inapplicable to the issuance of certain municipal bonds. The Town of Manchester proposed to issue tax increment bonds pursuant to state statute to finance certain infrastructure improvements necessary for the construction of a regional shopping mall in the town. Taxpayers brought suit to enforce a provision in the town charter that required referendum approval for the issuance of any municipal bonds. The Supreme Court found that the intent of the referendum provision was to give the voters a voice on matters affecting them. The court held that the referendum provision in the charter was not applicable to the issuance of tax increment bonds because such bonds are not a charge against the town's taxpayers and do not affect them.Sadlowski v. Manchester, 206 Conn. 5791 586 (1988). Tax increment bonds are authorized under a special chapter of state statute and are paid from the revenues and taxes from the development project for which the bonds are issued. Id., 585. Therefore, such bonds are not repaid from town funds, are not a general obligation of the town, and will not affect the taxes to be paid by the CT Page 10020 plaintiff taxpayers. Id. The court construed the referendum provision of the charter as applying only to general obligation bonds, which could affect the taxes to be paid by taxpayers, and not to tax increment bonds, which do not affect such taxes. Id., 587.
The reasoning of the Supreme Court in Sadlowski also supports the plaintiffs' contention that the referendum provision of the Watertown charter does not apply to the historic district ordinance because the ordinance affects only property owners within the district. The legislative history of our historic district statute demonstrates that the only vote that the legislature contemplated as part of the process of creating a district was a vote by the owners of property within the proposed district. A proponent of the 1987 amendment reducing the required approval vote from 75% to 2/3 of the property owners in the district stated, "Only property owners in the proposed districts may cast their votes." 30 5. Proc. Pt. 5, 1987 Sess., p. 1728-9, remarks of Senator Barrows.
Watertown voters and taxpayers, like the Manchester taxpayers in Sadlowski, are not affected by the creation of a historic district. Establishment of a historic district affects only the property owners within the district. There is no reason, therefore, to construe the charter referendum provision as applying to a municipal action that affects only a small number of voters and taxpayers, who have already been given the statutory right to vote on the issue. Moreover, interpreting the charter referendum provision as applying to the adoption of the historic district ordinance would be contrary to the legislative intent in 1987, which was to facilitate the creation of historic districts, not encumber it with additional procedures. 30 H.R. Proc., Pt. 10, 1987 Sess., 3368-3375, remarks of Rep. Knapp and Rep. Meyer.
Concluding that the charter referendum provision does not apply to the establishment of a historic district pursuant to state statutes is also consistent with principles of preemption. Under the law of preemption, a local ordinance is preempted by state statute whenever the legislature has demonstrated an intent to occupy the entire field of regulation on a matter or whenever the local ordinance irreconcilably conflicts with the statute.Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 705
(1986). The legislature has clearly indicated that it intends to occupy the entire field of regulation of establishment of CT Page 10021 historic districts. This is shown in several actions of the legislature: (1) the enactment and then active amendment of the detailed statutes that comprehensively control the establishment of such districts; (2) the creation of a task force to study historic districts in the state; 30 H.R. Proc., Pt. 10, 1987 Sess., p. 3374, remarks of Rep. Meyer; and (3) the creation of the Connecticut Historical Commission, which has been given a role in the process of creating historic districts in local municipalities. General Statutes § 10-321 and § 7-147b(c) and (h). The state historic district statutes therefore preempt the applicability of the referendum provision of the town charter.
Judgment is entered for the plaintiffs declaring that the referendum provision of the Watertown town charter in Section 309 is not applicable to the adoption of the historic district ordinance by the Watertown town council on January 6, 1997 and that said ordinance is to be given its full force and legal effect. The court further permanently enjoins the defendant from holding a referendum on the repeal of the historic district ordinance that was adopted January 6, 1997.
VERTEFEUILLE, J.